IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JASMINE HOLLOWAY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | |
| vs. | : | |
| | : | _____ |
| FIRST UNUM LIFE INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant | : | |

## <u>COMPLAINT</u>

COMES NOW, JASMINE HOLLOWAY (hereinafter, "Holloway"), a resident of Coweta County, State of Georgia, Plaintiff in the above-styled action and shows this Court the following:

1.

Defendant First Unum Life Insurance Company (hereinafter, "Unum"), a New York Company, may be served with service of process, if waiver of service is declined, by serving the company through

New York State
Department of Financial Services
Attention: Office of General Counsel
25 Beaver Street
New York, NY 10004

-1-

2.

Holloway, for all relevant times herein, was a participant in Grocery Delivery E-Services USA Inc's aka Hellofresh (hereinafter, "Hellofresh") long term disability plan, insured and administered by Unum.

3.

The plans are governed under the Employee Retirement Income Security Act (hereinafter, "ERISA").

4.

The United States District Court has jurisdiction over this action as Section 502(e)(1) of ERISA provides that the district courts of the United States shall have jurisdiction of civil actions brought by participants or beneficiaries pursuant to ERISA. 29 U.S.C. § 1132(e)(1).  In addition, 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States."  This action arises under ERISA, a law of the United States.

5.

For all relevant times herein, Holloway was working as a lead production associate for Hellofresh.

6.

On or about August 16, 2022, Holloway stopped working as a result of neck pain, low back pain, lumbar radiculpathy, etc.... Holloway had surgery for the back pain on February 28, 2023

7.

Holloway earned $3,683.33 /month from Hellofresh.

8.

After the applicable elimination period (180 days after the date disability occurs or the date your insured group short term disability ends), Unum's long term disability (hereinafter, "LTD) provides 60% of monthly earnings less other income benefits assuming plaintiff meets the LTD's plan of definition.

9.

Unum provided long- term disability benefit of $2,210.00/month to Holloway, after the LTD plan's 180 day elimination period, through December 5, 2023.

10.

Per the LTD plan, totally disabled means when you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly

-3-

earnings due to the same sickness or injury. After 24 months of payments, you are disabled when due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.  Gainful occupation means an occupation that is or can be expected to provide you with an income in 12 months of your return to work, that exceeds: 80% of your indexed monthly earnings, if you are working; or 60% of your indexed monthly earnings, if you are not working.

11.

On December 5, 2023, UNUM terminated Holloway's disability claim

12.

On February 7, 2024, Holloway filed a pro se appeal of UNUM's termination.

13.

On February 28, 2024, UNUM denied Holloway's appeal; however, allotted Holloway additional time to submit records.

14.

On March 22, 2024, Unum issued its final determination and denied Holloway's administrative appeals concerning her long term disability claim.

-4-

15.

Plaintiff has met ERISA's exhaustion requirement to allow this court to conduct the appropriate judicial review of the decision to deny his long-term disability benefit claims.

<u>COUNT ONE</u>

16.

Plaintiff incorporates by reference ¶¶ 1-15 as if fully set forth herein.

17.

The LTD plan governing jurisdictions is New York.

18.

Plaintiff has been disabled pursuant to the terms of the LTD plan.

19.

The decision to terminate Plaintiff's long term disability was wrong.[1]

20.

Plaintiff is owed the applicable monthly disability benefits of $2,210.00/month less any applicable offsets.

---

[1] If the court determined Holloway was disabled pursuant to the initial long term disability definition (regular occupation), then a remand would be necessary to determine if Holloway was disabled through the more stringent definition of disability; i.e. after 24 months, must be disabled from "gainful occupation."

<u>COUNT TWO</u>

21.

Plaintiff reincorporates ¶¶ 1- 20 as if fully set forth herein.

22.

Defendant is responsible to pay Plaintiff interest concerning the disability benefits under an equitable or legal theory. 29 U.S.C. § 1132 (a)(3).

<u>COUNT THREE</u>

23.

Plaintiff reincorporates ¶¶ 1-22 as if fully set forth herein.

24.

Defendant is responsible to provide Plaintiff her reasonable attorney fees/costs of litigation pursuant to 29 U.S.C. § 1132 (g)(1).

WHEREFORE, Plaintiff prays Defendant be served with a summons and complaint if service is not waived, the court decree Plaintiff is disabled under the long term disability plan,  Plaintiff receive judgment for her disability, interest, attorney fees, expenses of litigation, court costs and any further order this Court deems just and proper.

Respectfully,

*/s/ Kenneth Behrman*
Kenneth Behrman, Esq.
Georgia Bar No. 046995
Attorney for Plaintiff

5855 Sandy Springs Circle
Suite 300
Atlanta, GA.30328
(770) 952-7770 (phone)
770-952-6775 (fax)
ken.behrman@behrmanlaw.com